342 S.E.2d 414 (1986)
Michael M. FLANIGAN
v.
WEST VIRGINIA PUBLIC EMPLOYEES' RETIREMENT SYSTEM, etc., A. James Manchin, et al., etc.
No. 16999.
Supreme Court of Appeals of West Virginia.
March 25, 1986.
*416 Larry Harless, Morgantown, for appellant.
Atty. Gen. Charlie Brown, Sp. Asst. Atty. Gen. Paul Richard Hull, Charleston, for appellee.
*415 McGRAW, Justice:
This is an original proceeding in mandamus. The petitioner, Michael M. Flanigan, seeks a writ mandating his enrollment in the West Virginia Public Employees Retirement System. The respondent West Virginia Public Employees Retirement System (hereinafter "PERS") is a public corporation created and maintained for the purpose of providing retirement, disability and survivor benefits for employees of the State of West Virginia and of other participating public employers within the State.[1] The other named respondents are the individual members of the Board of Trustees of PERS, statutorily responsible for the administration and management of the system.[2]
The material facts are undisputed. The petitioner is a 69-year-old magistrate of Mercer County. He has been elected to the position for three consecutive terms, serving as a magistrate since January 1, 1977. Prior to that time, from 1935 through 1976, he was employed as a school custodian by the Board of Education of Mercer County. His long tenure with the Board of Education was interrupted only once, by his service in the Navy during World War II. The petitioner also served Mercer County as a justice of the peace from 1973 through 1976.
At the end of 1976, the petitioner left his position with the school board in order to assume the full-time office of magistrate on January 1, 1977. The petitioner had been a contributing member of the State Teachers Retirement System (hereinafter "TRS" or "Teachers System") since its inception in 1941.[3] Accordingly, at the time of his leaving the employ of the school board he filed an application for retirement allowance based upon over four decades of *417 creditable service. Shortly after filing this application, the petitioner assumed the office of magistrate and sought advice pertaining to his pension rights and duties from his new employer. In a handwritten letter received by the State Court Administrator's Office on February 4, 1977, the petitioner stated that, "I am retiring from the employment for Mercer County Schools as of January 1, 1977, am entitled to draw retirement ... now that I am a magistrate, would you please advise if this is the correct way, or can I continue to pay, and can I draw retirement." By letter dated February 16, 1977, the Court Administrator's Office responded to the petitioner's inquiry.[4] Noting that he was currently eligible to receive benefits from the State Teachers Retirement Fund, the Administrator's Office advised that West Virginia law "excludes you from participating in the Public Employees' Retirement Fund once you have become eligible to participate in the Teachers' Retirement Fund. Therefore, you are not eligible to pay into the Public Employees' Retirement System for a three-year period and receive benefits from that System."[5]
Acting pursuant to this interpretation, the Court Administrator's Office did not enroll the petitioner in PERS. The petitioner, in apparent reliance upon this determination by his supervising employer, did not pursue his entitlement to participate in the Public Employees Retirement System and did not withdraw his yet unapproved retirement allowance application from the Teachers Retirement System. On March 16, 1977, the Executive Secretary for the Teachers Retirement Board approved the petitioner's application, certified him as having 41.542 years of retirement service credit, and set his monthly retirement allowance at $329.69. Pursuant to subsequent statutory cost-of-living supplements, that monthly allowance is currently $404.67.
In his petition, the petitioner seeks a writ directing the respondents to enroll him in PERS with service credit toward retirement based upon his aggregate years of credit accumulated under the Teachers System and his subsequent years of service as a magistrate.[6] Thus, the questions of law presented in this proceeding center upon whether the petitioner is entitled to enroll in the Public Employees Retirement System and, if so, under what terms and conditions.
At the outset we note that the determination of the petitioner's membership eligibility made by his supervisory employer, the Office of the State Court Administrator, was wrong. The membership provisions of the Public Employees Retirement Act permitted his participation in the system at the time he became a magistrate.[7] *418 The supervising employer, however, concluded that because the petitioner was eligible to begin drawing retirement benefits from the Teachers System, he was ineligible to become a member of PERS. Apparently, this conclusion was based upon a cursory reading of one section of the PERS Act, West Virginia Code § 5-10-17(b) (Supp.1985), which provided in 1977 (and still provides) that, "The membership of the retirement system shall not include any person who is a member of, or has been retired by, the State teachers retirement system...." However, as the employer's letter acknowledges, the petitioner at that point was merely "eligible to receive benefits" from the Teachers System and not yet retired by that system.
We do observe that under the original language of the TRS Act, subsequently reenacted without change, the petitioner, even after ceasing school board employment and no longer contributing to the fund, would nevertheless fit within the definition of a "member" of that system so long as he did not withdraw his accumulated contributions. See West Virginia Code § 18-7A-13(b) (1984 Replacement Vol.). However, this code provision, in place since the passage of the TRS Act in 1941 (see 1941 W.Va.Acts., Chap. 36), has since been vitiated by the passage of the Public Employees' and Teachers' Reciprocal Service Credit Act in 1965 (1965 W.Va.Acts, Chap. 130, codified at West Virginia Code § 5-13-1 et seq. (1979 Replacement Vol.)) permitting the use of credit from both systems to satisfy the length-of-service requirements for retirement under either system, with pro-rated annuities payable from both; and by the separate enactment of provisions in both acts permitting actual funded transfer of credit from one system to the other. Funded transfer of service credit from TRS into PERS was first permitted, on a limited basis, in 1963 (1963 W.Va.Acts, chap. 159, codified as amended at West Virginia Code 5-10-14(b) (Supp.1985)). Such transfers of PERS credit into TRS have been possible since 1974 (1974 W.Va.Acts Chap. 117, codified as amended at West Virginia Code § 18-7A-17 (Supp.1985)). Accordingly, the language excepting "member[s] of ... the State teachers retirement system" in West Virginia Code § 5-10-17(b), under the current statutory framework, refers to "active" (i.e., working and contributing) members of that system.
Indeed, in light of the reciprocal and transfer provisions, it can be stated that under either retirement act when a person, not retiring, ceases employment but leaves funds with the system, that person is, until reemployed and again contributing, not considered a "member" (i.e. active) of that system. However, during such hiatus, a participant retains certain contractual and statutory entitlements, such as those rights relating to preservation, reinstatement and transfer of service credit. See, e.g. West Virginia Code §§ 18-7A-13(b) & 18-7A-17 (1984 Replacement Vol. & Supp.1985); West Virginia Code §§ 5-10-14(b) & 5-10-18 (Supp.1985). Likewise, once actually retired and receiving benefits under either system, one is no longer a "member" under the interrelated statutory scheme. It follows that under the transfer provision of the PERS Act, West Virginia Code § 5-10-14 (Supp.1985),[8] the petitioner was clearly eligible to participate as a contributing member in PERS *419 and, after three years, transfer his Teachers' System service credit to PERS.
The respondents agree that the petitioner, under the express provisions of the PERS Act, was entitled to enroll in the system at the time he became a magistrate. Although it cannot now be stated with absolute certainty that he would have chosen that option had it been presented, it does appear that he was effectively denied the right to make that choice. "[A] forfeiture or waiver of pension rights should be found only where clearly intended by the parties." Miller v. City of Wilmington, 285 A.2d 443, 446 (Del.Ch.1971). If a proper determination and enrollment had been made by his employer at the outset of the petitioner's magisterial career, he would have been contributing, by way of payroll deductions by his employer, 4.5 percent of his gross compensation to the PERS fund. West Virginia Code § 5-10-29 (1979 Replacement Vol.). He would currently have over nine years of contributing service credit from his employment as a magistrate under these circumstances. Additionally, after his first three years of contributing service under PERS, he would have been entitled to transfer his credited service under the Teachers System to PERS under West Virginia Code § 5-10-14(b) (Supp.1985).
Given this perspective, it is apparent that the central dispute concerning the granting of retroactive credit in this case involves fiscal concerns versus fairness concerns. The respondents, being charged with maintaining the actuarial soundness of the system, assert that without payment of unpaid PERS contributions, the petitioner is not entitled to service credit for his past magisterial service; and that without reimbursement of the pension benefits paid by the Teachers System, the petitioner is likewise not entitled to a transfer into PERS of his contributions and accumulated credit from that system. On the other hand, the petitioner acknowledges that he has benefited financially due to the absence of payroll deductions for PERS and receipt of pension benefits from TRS. The petitioner adds, however, that these benefits were received over a nine-year period and that a determination that he must now pay those contributions and benefits in lump sum in order to retrieve his former entitlement would be tantamount to granting no relief at all.
In approaching a resolution of this matter, it is noted that under West Virginia Code § 5-10-3a (1979 Replacement Vol.) we are directed to give substantial weight to the remedial nature of the PERS Act by the legislative ordination to construe its provisions liberally in favor of its intended beneficiaries. We are also guided by the proposition that "a governmental body, charged with as important function as the administration of a public employees retirement system, bears a most stringent duty to abstain from giving inaccurate or misleading advice." Nevada Pub. Employees Retirement Bd. v. Byrne, 96 Nev. 276, 280, 607 P.2d 1351, 1353 (1980); see also Crumpler v. Board of Admin. Employees' Retirement Sys., 32 Cal.App.3d 567, 582, 108 Cal.Rptr. 293, 304 (1973).
The petitioner, as a judicial officer, was entitled to rely upon the determination given him. The Court Administrator is the constitutional person charged with the duty to oversee judicial records, including retirement records. In re Dostert, 324 S.E.2d 402, 422 (W.Va.1984); DePond v. Gainer, No. 16902, slip op. at 34 (W.Va. March 12, 1986). As such, the Court Administrator holds a unique position, mandated to see that each judge receives what is due under the scheme of judicial retirement.
In the instant case, the determination given to the petitioner by the Court Administrator's Office was clearly wrong. Keeping this circumstance in mind, we arrive at the following conclusions. First, although the respondents are correct in pointing out that under West Virginia Code § 5-10-17(d) (Supp.1985), the PERS Board is entrusted with the final authority in determinations of membership eligibility, failure of the employer or employee to resort to this "final" authority when the petitioner *420 began his magisterial service does not absolve the respondents of their own statutory responsibilities toward the petitioner. The functional relationship between the supervisory employer, the Court Administrator's Office, and the respondents with respect to employee pension rights is one of privity. Pursuant to the PERS Act, every participating public employer carries out statutory duties as an agent for PERS, such as making withholdings from salaries, transmitting funds, and providing relevant employee information and records. Under West Virginia Code § 5-10-29(c) (1979 Replacement Vol.), every employing agency is authorized to, and by practical necessity must, make the determination of eligibility in order to carry out their duty to deduct from each payroll employee contributions due PERS. Unless some doubt is raised during this initial determination, the Board's "final" authority is not sought. Although, it may have been wise for the employer in this instance to seek assistance in making the eligibility determination, we cannot conclude that this failure should prejudice the petitioner.
Most indicative of this intended agency relationship, however, is the provision of the PERS Act which also leads us to conclude that the respondents are clearly required to provide for the retroactive enrollment to the petitioner. West Virginia Code § 5-10-44 (1979 Replacement Vol.) provides:
Should any change or error in the records of any participating public employer or the retirement system result in any person receiving from the system more or less than he would have been entitled to receive had the records been correct, the board of trustees shall correct such error, and as far as is practicable shall adjust the payment of the benefit in such manner that the actuarial equivalent of the benefit to which such person was correctly entitled shall be paid. (Emphasis added.)
Under a proper construction of this provision we conclude that, in view of his supervisory employer's error, the respondent is under a duty to "correct such error" by providing for the retroactive enrollment of the petitioner in PERS effective his date of eligibility, January 1, 1977, or for so much of that period of employment for which the petitioner seeks to establish service credit.
In effect, the above provision "turns back the clock" for the petitioner to gain his proper entitlement. However, the correlative principle under this provision is that one must not receive "more ... than he would have been entitled to receive ..." Therefore, we are constrained to conclude that if the petitioner wishes to receive service credit for any or all of his past service as a magistrate he must pay the statutorily required employee contributions due for such periods. See West Virginia Code § 5-10-29 (1979 Replacement Vol.). Under the circumstances, we do find the extended time period provided by Section 46 of the PERS regulations applicable to any such payment of contributions. Specifically, this regulation permits members who formerly withdrew their contributions to repay such amounts, together with 4 percent simple interest, over a three-year period where lump-sum repayment would work a hardship.[9]
We also note that as part of this retroactive correction the petitioner is, upon making contributions sufficient to establish three years of PERS credit, entitled under West Virginia Code § 5-10-14(b) (Supp.1985) to have his credit accumulated under the Teachers System transferred into PERS. Of course, as is true for turning back the clock for past PERS service credit, the petitioner must repay all benefits received from the Teachers System for the same years for which he establishes as PERS contributing service in order to *421 transfer such credit.[10] In other words, the petitioner's TRS annuity must be suspended (i.e. repaid) for those years of contributing PERS service he establishes.[11] This is entirely consistent with West Virginia Code § 5-10-48 (Supp.1985), which requires a retirant who becomes reemployed to suspend the receipt of benefits, contribute to PERS, and retire later with a recalculated annuity which takes in account the additional credit.
Finally, in order to fully address the relief sought, we must consider the petitioner's eligibility to enroll in PERS while still maintaining his "retired" status under the Teachers System. At this juncture we note under West Virginia Code § 18-7A-1 et seq. (1984 Replacement Vol. & Supp.1985), benefits earned in the Teachers Retirement System stand alone, separate and distinct from any other benefits provided by retirement law. The right to participate in that system is unrelated to any right to participate in any other system, except to the extent the legislature chooses to interrelate, enhance or complement those rights with respect to another system. Although the respondents do agree that the petitioner had a right to become a contributing member of PERS prior to the time he was actually retired by the Teachers System, they maintain that since he is now retired under the Teachers System he cannot, at least without repayment, presumably, of all TRS benefits, join PERS. The respondents rely upon the part of West Virginia Code § 5-10-17(b) which provides that "The membership of the retirement system shall not include any person... who has been retired by ... the state teachers retirement system...." Therefore, independent of the claim for retroactive enrollment asserted by the petitioner by reason of the incorrect determination made by his employer, it must be determined if he is precluded from participation in PERS, retroactively or prospectively, while being "retired" under the Teachers System.
The petitioner, as a duly elected magistrate, is an Article VIII judicial officer under the State Constitution. As such, he is constitutionally entitled, as part of his judicial compensation, to participate in the retirement system provided for his judicial post. "The West Virginia Constitution in art. VIII, § 8 constitutionalizes judicial retirement." Syl. pt. 5, In re Dostert, 324 S.E.2d 402 (W.Va.1984). The denial of his right to participate, in effect, denied him a deferred part of his earned compensation. See Wagoner v. Gainer, 279 S.E.2d 636, 645 (W.Va.1981). The retirement system the legislature has made available to magistrate court judges is PERS, as a retirement system for Article VIII judicial officers under West Virginia Constitution art. VIII, § 8." Syl. pt. 7, In re Dostert, supra.
Therefore, the petitioner is constitutionally entitled to participate in this retirement system upon the same terms and conditions applicable to other "employees," as that term is defined under the PERS Act. See West Virginia Code § 5-10-2(6) (Supp.1985). Under West Virginia Code § 5-10-17(b) (Supp.1985), certain employees of participating PERS employers, who are members of or retired by another state or local retirement system, are permitted to join PERS. For example, the statute permits a city council person of any municipality to join PERS and continue to be an active member of or retired by the State *422 Teachers System.[12] It necessarily follows that the statute must be read to extend the same privilege to an Article VIII magistrate, such as the petitioner. Thus, the following and final conclusion is derived from these principles. The retirement system for magistrates, as constitutional officers, stands on its own, and participation therein cannot deprive a member of any other benefits provided by retirement law. This right to participate in a constitutionally mandated retirement system for judicial officers is unrelated to any right to participate in any other system, except to the extent that the legislature authorizes transfers of credit between this system and others when a participant so elects. Accordingly, the petitioner is not barred from participating, retroactively or prospectively, in PERS due to his status as retired under the Teachers System.[13]
Consistent with the above conclusions, the petitioner appears to have a number of options, depending upon what he is willing and able to pay and what he perceives as an advantageous investment for benefits. Such options may include: (a) paying into PERS (retroactively or prospectively) for three or more years and repaying (or suspending) his TRS annuity for the same period, thereby entitling him to three years PERS credit plus a full transfer of TRS credit; or (b) paying into PERS (retroactively or prospectively) for three or more years and transferring his military service credit from TRS, and continuing to draw an annuity from TRS.
Based upon all of the foregoing, it is Adjudged, Ordered and Decreed that a moulded writ of mandamus issue commanding the respondents to permit the petitioner's enrollment and crediting of service in PERS under conditions consistent with the Court's opinion herein.
Writ granted as moulded.
NOTES
[1] See West Virginia Code § 5-10-3 (1979 Replacement Vol.).
[2] See West Virginia Code § 5-10-5 (1979 Replacement Vol.).
[3] See West Virginia Code § 18-7A-1, et seq. (1984 Replacement Vol. & Supp.1985).
[4] The record is silent as to whether the Court Administrator's Office relied upon any advice or authority other than the above-mentioned statute when making this determination.
[5] The final paragraph of the letter suggested that the petitioner "contact the State Teachers' Retirement System to determine if [his] Teachers' Retirement benefits will be affected while [he serves] as a Magistrate of Mercer County." Following this suggestion, on March 14, 1977, the petitioner wrote a letter to the Teachers Board explaining his confusion concerning the interplay between his credit under the Teachers System and his new job as magistrate and inquiring about his possible options. There is nothing in the record indicating the Teachers Board response, if any, to this letter.
[6] On a procedural note, the respondents contend that requisite elements necessary for seeking mandamus relief are absent in this case. We disagree. Both a legal right and duty have been adequately demonstrated by the petitioner. See Daily Gazette Co. v. Committee on Legal Ethics, 326 S.E.2d 705 n.2 (W.Va.1984). Additionally, under the particular circumstances present, we find no other remedy "equally convenient, beneficial, and effective." Syl. pt. 5, Hardin v. Foglesong, 117 W.Va. 544, 186 S.E. 308 (1936). Finally, the affidavit of Richard D. Flanigan of record in this proceeding indicates that the petitioner has sought, to no avail, administrative relief from the respondents.
[7] Although PERS is predominantly an executive department retirement system, the judicial branch of the State is also a participating public employer under the system. See West Virginia Code §§ 5-10-2(5) and 5-10-16 (1979 Replacement Vol. & Supp. 1985). Under West Virginia Code § 5-10-17 (Supp.1985), unless covered by one of the exceptions in subsections (b) and (c), membership in PERS is required of all State employees and all employees of participating political subdivisions.
[8] Subsection (b) of this West Virginia Code § 5-10-14 (Supp.1985) states, in relevant part, that:

The board of trustees shall grant service credit to employees of boards of health, the Clerk of the House of Delegates and the Clerk of the state Senate, or to any former and present member of the state teachers retirement system who have been contributing members for more than three years, for service previously credited by the state teachers' retirement system, and shall require the transfer of the member's contributions to the retirement system .... (Emphasis added.)
This credit transfer provision has been applicable to members of the Teachers System since February 6, 1970. See 1970 West Virginia Acts, Chapter 63.
[9] Since the effect of West Virginia Code § 5-10-44 is to "turn the clock back" in this case, his former receipt as part of his salary of what should have been his PERS contributions can now be characterized as "withdrawals" under Section 46 of the regulations.
[10] The one exception to the above-stated condition is that the petitioner may transfer from TRS, without repayment of any benefits, any military service credit he could have claimed under or transferred to PERS upon his proper date of eligibility. Military service credit under both retirement systems is non-contributory. See West Virginia Code § 5-10-15 (1979 Replacement Vol.) and West Virginia Code § 18-7A-17 (Supp.1985).
[11] With regard to any interest due on either past contributions paid to PERS or past benefits restored to TRS, if the interest rate has increased since the petitioner's date of eligibility, January 1, 1977, the respective boards should look to the Office of the Court Administrator for the difference.
[12] In fact, the statute grants dual membership rights to any member of a legislative body of any county or municipality. Additionally, this provision makes an exception to allow retired state policemen, city policemen, and city firemen to participate in PERS without credit for prior service counted toward retirement under their other system.
[13] In light of the above conclusion, if the petitioner chooses not to repay TRS to effectuate a transfer of his TRS contributions and credit to PERS, and thus continue as "retired" under the Teachers System and also elects to enroll and pay into PERS to receive service credit for his magisterial service, he may transfer non-contributory military service credit, if any, previously claimed under TRS. See footnote 10, supra. In this event the Teachers System would merely adjust his future benefit payments from that fund.