664 S.E.2d 686

**William R. SMITH, Petitioner**

v.

**STATE of West Virginia CONSOLIDATED PUBLIC RETIREMENT BOARD, Respondent.**

**No. 33502.**

Supreme Court of Appeals of West Virginia.

Submitted April 1, 2008.

Decided May 30, 2008.

Dissenting Opinion of Justice Albright June 17, 2008.

---

Glenn P. Hare, Esq., Steptoe & Johnson, Martinsburg, West Virginia and Amy M. Smith, Esq., Steptoe & Johnson, Clarksburg, WV, for Petitioner.

Erica M. Mani, Esq., Lenna R. Chambers, Esq., Bowles Rice McDavid Graff & Love, Charleston, WV, for Respondent.

MAYNARD, Chief Justice.

In this Case, this Court answers the following question certified by the Circuit Court of Berkeley County:

> Does the reelection of an incumbent, to a consecutive term of office, constitute reemployment under W.Va.Code § 5–10–18(a), thereby making the incumbent eligible to reinstate forfeited PERS credit upon repayment of the amount withdrawn plus interest?

The circuit court answered the question in the affirmative. For the reasons that follow, we answer the question in the negative.

## I.

### FACTS

The petitioner below, William R. Smith, was employed as a deputy sheriff in Berkeley County from 1977 until 1989, during which time he compiled 12 years and five months of credited service in the Public Employees Retirement System ("PERS") and accumulated contributions of $11,075.77. The petitioner's employment as a deputy sheriff terminated in 1989, and he withdrew his PERS contributions.

The petitioner was elected to the office of sheriff of Berkeley County in November 2000, and he began serving his term as sheriff on January 1, 2001. The Consolidated Public Retirement Board ("the Board") sent the petitioner a letter on May 21, 2003, advising him of his right to reinstate previously forfeited credited service by repaying the amount withdrawn plus interest for a total of $21,868.78. The letter set forth several payment options and the requirement that the initial payment must be made before December 31, 2004. On June 29, 2004, the Board sent a second such letter to the petitioner.

Nevertheless, the petitioner took no action at this time to reinstate his previously forfeited credited service. The petitioner testified before an administrative law judge below that it was his understanding that he had five years from the date of reemployment to return to the retirement fund the amount of contributions he had withdrawn in order to reinstate his credited service, and that he did nothing to confirm the accuracy of his understanding. He further testified that he did not pay attention to the detail of the letters sent to him by the Board.

The petitioner was reelected sheriff of Berkeley County in November 2004, and he commenced his second consecutive term of office on January 1, 2005. On June 20, 2005, the petitioner attempted to make a partial payment of $5,000 to the Board to reinstate his 12 years and five months of credited service, but the Board returned this payment to the petitioner as untimely received because the petitioner did not make his initial payment by December 31, 2004. The Board denied the petitioner's request to reinstate his credited service on July 12, 2005.

The Board's decision was appealed by the petitioner. After a hearing, the hearing officer issued a recommended decision on November 16, 2005, denying reinstatement of the petitioner's previously forfeited credited service. The hearing officer reasoned, in pertinent part:

> The applicant's contention that a new opportunity to reinstate under subsection (a) of § 5–10–18 arose upon commencement of his second term as Sheriff is, regrettably, without merit. That he was not sworn in until some time after the commencement of his term on January 1,

2005, does not provide a break in service because § 6–5–2 of the West Virginia Code provides as follows:

> "The term of every officer shall continue (unless the office be vacated by death, resignation, removal from office, or otherwise) until his successor is elected or appointed, and shall have qualified."

Consequently it must be concluded that his employment has been continuous and no new opportunity to reinstate under such subsection (a) has arisen. It is further concluded that the applicant is not now eligible to reinstate his previously forfeited service credit. (Footnote omitted.).

By order of February 1, 2006, the Consolidated Public Retirement Board adopted the hearing officer's recommended decision.

The petitioner appealed the Board's decision to the Circuit Court of Berkeley County.[1] By order of December 22, 2006, the circuit court certified the question set forth above to this Court, and answered it in the affirmative. This Court decided to review the certified question by order of June 27, 2007. We now proceed to consider the question.

## II.

### STANDARD OF REVIEW

■ This Court's review of a circuit court's answer to a certified question is *de novo*. Syllabus Point 1, *Gallapoo v. Wal–Mart Stores, Inc.*, 197 W.Va. 172, 475 S.E.2d 172 (1996).

## III.

### DISCUSSION

■ The sole issue before us is whether the reelection of an incumbent to a consecu-

---

1. The circuit court's review of an administrative agency's decision is a deferential one. This Court has held:

> Upon judicial review of a contested case under the West Virginia Administrative Procedure Act, Chapter 29A, Article 5, Section 4(g), the circuit court may affirm the order or decision of the agency or remand the case for further proceedings. The circuit court shall reverse, vacate or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decisions or order are:

> "(1) In violation of constitutional or statutory provisions; or (2) In excess of the statutory authority or jurisdiction of the agency; or (3) Made upon unlawful procedures; or (4) Affected by other error of law; or (5) Clearly wrong in view of the reliable, probative and substantial evidence on the whole record; or (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."

> Syllabus Point 2, *Shepherdstown V.F.D. v. W.Va. Human Rights*, 172 W.Va. 627, 309 S.E.2d 342 (1983).

tive term of office constitutes reemployment under W.Va.Code § 5-10-18(a), which states:

When a member of the Retirement System retires or dies, he or she ceases to be a member. When a member leaves the employ of a participating public employer for any other reason, he or she ceases to be a member and forfeits service credited to him or her at that time. If he or she becomes reemployed by a participating public employer he or she shall be reinstated as a member of the Retirement System and his or her credited service last forfeited by him or her shall be restored to his or her credit: Provided, That he or she must be reemployed for a period of one year or longer to have the service restored: Provided, however, That he or she returns to the members' deposit fund the amount, if any, he or she withdrew from the fund, together with regular interest on the withdrawn amount from the date of withdrawal to the date of repayment, and that the repayment begins within two years of the return to employment and that the full amount is repaid within five years of the return to employment.

In order to decide the certified question, this Court must first determine the meaning of the term "reemployed" as used in W.Va. Code § 5-10-18(a). The petitioner asserts that because the term is not defined in the statute, this Court should liberally construe the term in order to promote the Legislature's purpose in passing the Public Employ-ees Retirement Act.[2] The petitioner further argues that this Court should look to the School Personnel Act which, he says, provides that a probationary employee is reemployed under the Act upon rehiring or retention regardless of whether there is a break in employment.[3]

This Court has held that "[g]enerally the words of a statute are to be given their ordinary and familiar significance and meaning, and regard is to be had for their general and proper use." Syllabus Point 4, *State v. Veterans Of Foreign Wars,* 144 W.Va. 137, 107 S.E.2d 353 (1959). Also, "[a] statutory provision which is clear and unambiguous and plainly expresses the legislative intent will not be interpreted by the courts but will be given full force and effect." Syllabus Point 2, *State v. Epperly,* 135 W.Va. 877, 65 S.E.2d 488 (1951).

We find that the language of W.Va.Code § 5-10-18(a) is unambiguous and that the meaning of the word "reemployed" as used in the statute is clear. Therefore, we do not find it necessary to resort to the rules of construction or to consult other statutory provisions in order to determine the meaning of the word "reemployed." First, the word "reemployed" in the statute refers to a member of the retirement system who "leaves the employ of a participating public employer," ceases to be a member of the retirement system, forfeits service credited to him or her, and then returns to the employ of a

**2.** W.Va.Code § 5-10-3a(a) (2000) provides, in part, that "[t]he provisions of this article shall be liberally construed so as to provide a general retirement system for the employees of the state herein made eligible for such retirement[.]"

**3.** Another argument made by the petitioner in his brief is that the Court should dismiss the certified question because it does not meet the jurisdictional requirements of W.Va.Code § 58-5-2 and because the certificate does not meet the requirements of West Virginia Rule of Appellate Procedure 13(b). For support, the petitioner cites Syllabus Point 3 of *Bass v. Coltelli,* 192 W.Va. 516, 453 S.E.2d 350 (1994) in which this Court held:

Questions subject to certification pursuant to W.Va.Code, 58-5-2 (1967), are limited to any question arising upon the sufficiency of a summons or return of service, upon a challenge of the sufficiency of a pleading or the venue of the circuit court, upon the sufficiency of a motion for summary judgment where such motion is denied, or a motion for judgment on the pleadings, upon the jurisdiction of the circuit court of a person or subject matter, or upon failure to join an indispensable party.

The petitioner indicates that the instant question does not arise from any of the pleadings enumerated in Syllabus Point 3 of *Bass.* Also, the petitioner notes that according to Rule of Appellate Procedure 13(b), the certificate shall state whether the question arises in accordance with the provisions of W.Va.Code § 58-5-2, and the certificate in this case does not so state.

We find the petitioner's argument to be without merit. The case and rule relied upon by the petitioner concerned a previous version of W.Va. Code § 58-5-2. The current version of that statute provides that "[a]ny question of law" may be certified, not just questions arising from the pleadings enumerated in the statute.

participating public employer and is reinstated as a member of the retirement system. Second, the statutory language clearly indicates that reemployment means a "return to employment" when it provides that "the repayment begins within two years of the return to employment and that the full amount is repaid within five years of the return to employment." Therefore, we hold that the term "reemployed" as used in W.Va.Code § 5–10–18(a) means a return to the employ of a participating public employer after having left the employ of a participating public employer.

It is clear under our law, however, that an incumbent who is reelected to a consecutive term of office does not leave his or her employment at the end of his or her original term and return to employment at the beginning of the second term. In other words, the incumbent experiences no break or cessation in employment between terms of office. According to W.Va. Const., art. IV, § 6, "[a]ll officers elected or appointed under this Constitution ... shall continue to discharge the duties of their respective offices until their successors are elected, or appointed and qualified." *See also* W.Va.Code § 6–5–2 (1923) ("The term of every officer shall continue ... until his successor is elected or appointed, and shall have qualified.").[4] For example, under the instant facts, it is undisputed that from the period ending on December 31, 2004, until the petitioner was sworn in to his second term as sheriff sometime in January 2005, he continued to perform the duties of sheriff and he continued to receive a paycheck.[5] Further, W.Va.Code § 5–10–18(a) provides that "[w]hen a member leaves the employ of a participating public employer ... he or she ceases to be a member and forfeits service credited to him or her at that time." An incumbent who is reelected to a consecutive term of office, however, does not cease to be a member of PERS and does not forfeit credited service upon completion of his or her first term in office. In sum, we

find nothing in the language of W.Va.Code § 5–10–18(a) to support the notion that an incumbent who is elected to a consecutive term of office leaves his or her employment after the first term and is "reemployed" upon beginning the second term of office. Thus reemployment under W.Va.Code § 5–10–18(a) simply is not the same as reelection to a consecutive term. We hold therefore that the reelection of an incumbent to a consecutive term of office does not constitute reemployment under W.Va.Code § 5–10–18(a). As a result, an incumbent who is reelected to a consecutive term of office is not eligible to have his or her previously forfeited credited service restored to his or her credit.

This Court also believes that our holding is consistent with language in W.Va.Code § 5–10–18(a) that contemplates that the period for reinstatement of previously forfeited credited service must occur within two years of the reemployment that triggers reinstatement in PERS. According to the statute, "[i]f he or she becomes reemployed by a participating public employer he or she shall be reinstated as a member of the Retirement System and his or her credited service last forfeited by him or her shall be restored to his or her credit: Provided ... that the repayment begins within two years of the return to employment[.]" In other words, the return to employment that triggers reinstatement in PERS is the same return to employment that commences the two-year period in which to restore one's previously forfeited credited service. Under the petitioner's construction of the statute, however, a person could be reinstated to PERS upon one's initial election to office and yet not choose to restore one's previously forfeited credited service for several subsequent reelections/reemployments, which is a result clearly at odds with the statutory language.

Further, we note that our holding herein does not create any unreasonable hardships

4. The petitioner claims that W.Va.Code § 6–5–2 is a holdover statute that has no application under the present facts. We disagree. While the statute has application to an incumbent's holdover status, it is also the general statute with regard to when an incumbent's term in office ends.

5. The circuit court found in its certification order that at the time the petitioner began his second term as sheriff he "continued uninterrupted in his performance of duties and receipt of pay."

for members of PERS who seek to restore previously forfeited credited service. For example, the facts below indicate that the petitioner was properly notified of the time period for restoring his previously forfeited credited service, and he had more than sufficient time to do so. In fact, because the petitioner fell within the special provision of W.Va.Code § 5–10–18(d), he had an additional two years in which to begin the repayment of his credited service beyond the two-year period provided in subsection (a). According to W.Va.Code § 5–10–18(d):

Effective the first day of March, two thousand three, and ending the thirty-first day of December, two thousand four, any member may purchase credited service previously forfeited by him or her and the credited service shall be restored to his or her credit: Provided, That he or she returns to the members' deposit fund the amount, if any, he or she withdrew from the fund, together with interest on the withdrawn amount from the date of withdrawal to the date of repayment at a rate to be determined by the Board. The repayment under this section may be made by lump sum or repaid over a period of time not to exceed sixty months. Where the member elects to repay the required amount other than by lump sum, the member is required to pay interest at the rate determined by the Board until all sums are fully repaid.

The petitioner began his original term as sheriff on January 1, 2001. Thus, under subsection (a), he had to begin repayment of his previously forfeited credited service within two years of his return to employment which was January 1, 2003. However, under subsection (d), he was given until December 31, 2004, a total of four years, in which to begin repayment.

Finally, the petitioner's construction of W.Va.Code § 5–10–18(a) would result in the creation of two classes of PERS members with each class operating under different time periods for restoration of forfeited credited service. Specifically, an unelected member of PERS would have two years from reemployment in which to begin repayment of previously forfeited credited service. In contrast, an elected member of PERS would have an indefinite period of time in which to begin reinstatement of credited service depending on the number of times he or she is reelected to consecutive terms of office.[6] This Court believes that such an inequitable result could not have been intended by the Legislature.

## IV.

## CONCLUSION

For the foregoing reasons, we answer the certified question as follows:

Does the reelection of an incumbent, to a consecutive term of office, constitute reemployment under W.Va.Code § 5–10–18(a), thereby making the incumbent eligible to reinstate forfeited PERS credit upon repayment of the amount withdrawn plus interest?

Answer: No.

Certified question answered.

Justice STARCHER and Justice ALBRIGHT dissent and reserve the right to file dissenting opinions.

ALBRIGHT, Justice, dissenting.

(Filed June 17, 2008)

Through its overly narrow interpretation of West Virginia Code § 5–10–18(a) (2005) (Repl. Vol. 2006), the majority has ignored the express legislative directive to liberally construe the West Virginia Public Employees Retirement Act (the "Act"). See W.Va.Code §§ 5–10–1 to 5–10–55 (1961) (Repl. Vol. 2006). As a result, the majority has wrongly prevented Petitioner from reinstating his previously withdrawn service credit. This outcome is clearly at odds with the statutory scheme of providing public employees with a general retirement system that was established to benefit those individuals who choose public service employment over private employment. See W.Va.Code § 5–10–3a(a).

---

**6.** While sheriffs are limited to two consecutive terms of office, W.Va. Const. art. IX, § 3, other elected offices have no such term limits.

To reach its decision, the majority interprets the term "reemployment" in an overly narrow fashion. *See* W.Va.Code § 5–10–18(a) (providing for reinstatement into public retirement system and crediting of forfeited service following one year of reemployment by participating public employer). In deciding that an incumbent's reelection does not provide an additional "window" for buying back the years of withdrawn service credit, the majority has breached the remedial underpinnings of the Act. As we observed in *Flanigan v. West Virginia Public Employees' Retirement System,* 176 W.Va. 330, 342 S.E.2d 414 (1986): "[I]t is noted that under West Virginia Code § 5–10–3a (1979 Replacement Vol.) we are directed to give substantial weight to the remedial nature of the PERS Act by the legislative ordination to construe its provisions liberally in favor of its intended beneficiaries." 176 W.Va. at 335, 342 S.E.2d at 419. By interpreting the term "reemployment" in an overly technical fashion, the majority has failed to comply with the legislative mandate to resolve issues that require interpretation under the Act in a remedial fashion so as to benefit the public employee. *See* W.Va.Code § 5–10–3a(a).

In its rush to deny Petitioner's attempt to "buy back" into the public retirement system, the majority fails to consider the fact that the financial burden to the State is minimal because the manner prescribed by the Legislature for reinstating withdrawn credit requires both a repayment of the amount withdrawn plus accrued interest. *See* W.Va.Code § 5–10–18. Given that the Legislature expressly provided a mechanism for public employees who leave the system to not only rejoin the system but to "buy back" their years of already accrued service, it seems inequitable not to interpret the statutory term of "reemployment" in a fashion that comports with upholding the clear objective of permitting those individuals who return to public employment to experience the intended benefits of their employment.

Because I view the majority's decision as operating in contravention of a clear legislative mandate to apply the Act in a remedial fashion, I respectfully dissent.

I am authorized to state that Justice STARCHER joins in this dissent.