**No. 23-569, *Camden-Clark Memorial Hospital Corporation; Camden-Clark Health Services Inc.; West Virginia United Health System, Inc. d/b/a West Virginia University Health System; and West Virginia University Hospitals, Inc. v. Marietta Area Healthcare, Inc.; Marietta Memorial Hospital; and Marietta HealthCare Physicians, Inc.***

**FILED**

**June 11, 2025**

released at 3:00 p.m.
C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

BUNN, Justice, concurring in part and dissenting in part:

I concur with the majority's answers to the first and second questions certified to this Court from the United States District Court for the Northern District of West Virginia, which recognize a cause of action for negligent supervision and define its elements. Yet, I dissent to the remainder of the majority's opinion, which unnecessarily answers the district court's third certified question and ultimately holds that intentional or reckless torts can form the basis for a negligent supervision claim. In answering the second certified question, the majority sets forth straightforward, easily applied elements of negligent supervision, making the majority's answer to the third certified question unnecessary and superfluous. Likewise, the majority's addition of a new syllabus point relating to the third certified question is unwarranted. Furthermore, while I concur in the majority's determination of negligent supervision's elements, I write separately to caution that negligent supervision is, in essence, a narrow subset of ordinary negligence, requiring the case-by-case factual analysis applicable to all negligence claims. I further emphasize that the factual circumstances in which an employer may be held liable to a plaintiff for negligent supervision, when the employee's intentional tort caused the plaintiff harm, are likely quite rare.

1

A brief factual recitation and the underlying proceedings is helpful to provide context to my analysis. The respondents, the plaintiffs in the underlying action in federal court, alleged in relevant part[1] that the petitioners, defendants in the underlying action, negligently failed to supervise their employees "in the pursuit and assistance in the pursuit" of a separate qui tam action against the respondents. In that negligent supervision count, respondents also asserted that the "initiation and pursuit of the *qui tam* action and the federal investigation consisted of tortious conduct." The district court deferred ruling on the petitioners' motion to dismiss the negligent supervision count and instead certified questions asking this Court whether negligent supervision is a cause of action in West Virginia, to set forth the elements of negligent supervision, and to determine whether a negligent supervision claim survives if the employee engages in an intentional or reckless tort.

### A.     The Majority Erred By Answering Question Three

The district court's third certified question asks "[c]an intentional or reckless torts committed by an employee form the basis for a claim for negligent supervision against the employer?" I would have declined to answer this question, as the answer is unnecessary for the district court's analysis in the underlying case given the Court's answer to the second certified question. This Court recently explained, in *City of Huntington v. AmerisourceBergen Drug Corp.*, that a "certified question's purpose is to 'determine [the]

_____

[1] These allegations are taken from the Second Amended Complaint, the operative complaint in the case pending before the district court.

legal correctness' of certain issues that are 'critical' to 'determine the final outcome of a case.'" ___ W. Va. ___, ___, ___ S.E.2d. ___, ___, 2025 WL 1367333, at *6 (W. Va. May 12, 2025) (quoting *Bass v. Coltelli*, 192 W. Va. 516, 520, 453 S.E.2d 350, 354 (1994), *superseded by statute*, W. Va. Code § 58-5-2, *as recognized by Smith v. Consol. Pub. Ret. Bd.*, 222 W. Va. 345, 664 S.E.2d 686 (2008)) (discussing certification of questions by a state court). This Court further held that when answering a certified question from a federal court, "the legal issue must substantially control the case." Syl. pt. 2, in part, *id.* The majority's answer to district court's third question disregards those restrictions.

The majority, in answering the second certified question, provides the district court enough guidance to decide the petitioners' motion to dismiss. Specifically, the majority defines the elements of a negligent supervision claim as follows, issuing a new syllabus point stating the same:

> A claim for negligent supervision in West Virginia requires proof of the traditional elements of negligence – duty, breach, causation, and damages – *supplemented by the additional necessity of demonstrating a tortious act or omission by the employee whose conduct forms the basis of the claim.*

Syl. pt. 2, Maj. op. (emphasis added); Maj. op. at 1 (answering second certified question). In discussing a negligent supervision claim's elements, the majority states that "an employer may owe a distinct duty of care to third parties *based on the tortious actions of its employee*," and notes that "[a] negligent supervision claim . . . provides for direct liability to an employer for its negligence in supervising an employee who causes harm to

3

a plaintiff." Maj. op. at 6-7 (emphasis added). In footnote 4 in that same section, the majority states, "A claim for negligent supervision against the employer requires that the employee must have committed a tortious act or omission that is a cause-in-fact of the plaintiff's injury." *Id.* at 6 n.4.

The district court may address the petitioners' motion to dismiss in the underlying case without further analysis from this Court because the majority clearly declares that an element of negligent supervision requires a "tortious act or omission by the employee" in both the new syllabus point and the body of the opinion, and provides an explanation of how to evaluate a negligent supervision claim. With these directives, the majority's answer to the second certified question eliminates the need to address the district court's third question as to whether intentional or reckless torts—in whatever factual scenario this may arise—may form the basis for a claim for negligent supervision. Thus, the answer to the third certified question fails to "substantially control the case." Syl. pt. 2, in part, *AmerisourceBergen Drug Corp.*, ___ W. Va. ___, ___ S.E.2d. ___. The addition of the third syllabus point regarding the miscellaneous types of conduct that could be considered tortious also is unnecessary and not critical to address the legal issue before the district court.[2]

---

[2] The third syllabus point holds,

> If an employer has a duty to supervise an employee, and the employer negligently fails in that duty, then the employer may be liable for the ensuing damage regardless of whether the

### B. *Negligent Supervision Is Fact Dependent*

While I join the majority in answering questions one and two, I also write to emphasize that a determination of whether an employer has negligently supervised its employee is fact dependent, like any other negligence claim, and will have a narrow application in only very particular circumstances. I likewise highlight the majority's recognition that "there must be a nexus between the actions or omissions of the employer and the harm the employee was able to inflict on the plaintiff." Maj. op.at 9 (citing *Moore Charitable Found. v. PJT Partners, Inc*., 217 N.E.3d 8, 17-18 (N.Y. 2023)). Negligence—including negligent supervision—"is not absolute; but is always relative to some circumstances of time, place, manner, or person." Syl. pt. 1, in part, *Dicken v. Liverpool Salt & Coal Co.*, 41 W. Va. 511, 23 S.E. 582 (1895) (regarding another negligence type); *accord* Syl. pt. 5, in part, *Wheeling Park Comm'n v. Dattoli*, 237 W. Va. 275, 787 S.E.2d 546 (2016). As a general matter, whether negligence exists "depend[s] upon the particular set of facts and circumstances that surrounded the parties at the time and the place of the occurrence on which the controversy is based," and "liability must be determined on a case-by-case basis." 65 C.J.S. Negligence § 7 (2025) (footnotes omitted). A claim of negligent supervision is no different and should not be construed to be any sweeping expansion of

---

employee's tortious conduct is negligent, reckless, or intentional.

As the majority acknowledges, this syllabus point is also based on language from Justice Hutchison's separate opinion in *C.C. v. Harrison County Board of Education*. Maj. op. at 13 (quoting *C.C.*, 245 W. Va. 594, 618, 859 S.E.2d 762, 786 (2021) (Hutchinson, J., concurring, in part, and dissenting, in part)).

liability. Factually, the circumstances in which an employer has a duty to supervise that would extend to the employee's intentional torts that, in turn, harm a plaintiff, are likely quite rare. Still, this Court should avoid drawing an arbitrary line precluding such a possibility. In other words, I suspect that typically, but not necessarily always, an employee's intentional torts fall outside the scope of supervision, thus eliminating an employer's liability for negligent supervision. I write to emphasize that the majority's answers to questions one and two do not expand liability to employers, as petitioners warn, "for a broad range of intentional employee conduct completely beyond their control." Rather, negligent supervision is a narrow and highly fact-dependent cause of action.

For these reasons, I respectfully concur, in part, and dissent, in part, with the majority in this case.